MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-MC-00136-TLN-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $6,000.00 IN U.S. CURRENCY, et al. | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On or about April 6, 2018, agents with the United States Postal Inspection Service ("USPIS") seized approximately $6,000.00 in U.S. Currency and approximately $6,000.00 in U.S. Currency (collectively "defendant currency") from Burson from two separate parcels during a parcel interdiction at the Postal Facility on Royal Oaks Drive in Sacramento, California.

2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about June 15, 2018, USPIS received a claim from Burson asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on April 6, 2018, USPIS conducted a parcel interdiction at the Postal Facility at 2000 Royal Oaks Drive in Sacramento, California. During the interdiction, law enforcement officials identified two parcels that bore markers consistent with parcels used for shipping contraband. The parcels were addressed to Donte Morris

1

("Morris"), 2033 F St. #120, Davis, California, 95616, with the following return address: John L. Burson, P.O. Box 634, Gaffney, South Carolina, 29342.

4.    The United States represents that it could further show at a forfeiture trial that on April 6, 2018, law enforcement officials spoke to Morris, who told them he was expecting the two parcels from a relative in South Carolina.  Law officials asked for consent to open the packages and Morris said he wanted to talk to Burson first. Morris returned to the phone and said the parcels each had $6,000 in cash and that Burson sent the money to purchase a new "boom" for his tow truck and Morris was going to ship it to South Carolina. Morris gave law enforcement officials consent to open the parcels and gave law enforcement Burson's phone number.  Law enforcement found $6,000 in cash wrapped in aluminum foil secreted inside a compact disk box inside each parcel.  Burson stated he packaged the money that way to make sure it wasn't stolen in the process.

5.    The United States represents that it could further show at a forfeiture trial that the parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

6.    The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.    Without admitting the truth of the factual assertions contained in this stipulation, claimant Burson specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees to stipulate that an adequate factual basis exists to support forfeiture of the defendant currency.  John Burson hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10.    The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of the Consent Judgment of Forfeiture, $3,000.00 of the Approximately $6,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the Approximately $6,000.00 in U.S. Currency and Approximately $6,000.00 in U.S. Currency shall be returned to claimant John Burson through his attorney Dean Cook.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

///

///

///

IT IS SO ORDERED.

Dated: May 14, 2019

Troy L. Nunley
United States District Judge